# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CAROLYN GOODMAN and DON KING, | § |
| | § |
| Appellants, | § |
| | § |
| v. | §  No. 3-07-CV-0239-M |
| | § |
| PHARMERICA, INC. and ROBERT MILBANK, JR., | § |
| | § |
| Appellees. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is the appeal by Appellants Carolyn Goodman and Don King of the Bankruptcy Court's December 26, 2006 Order. Federal Rule of Bankruptcy Procedure 8013 provides that upon appeal "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." All legal conclusions of the Bankruptcy Court are to be reviewed by this court *de novo*. *Century Indem. Co. v. NGC Settlement Trust*, 208 F.3d 498, 504 (5th Cir. 2000). Having conducted a review of the challenged decision based on the applicable standards, the Court overrules—with one exception noted below—all grounds for appeal of the Bankruptcy Court's December 26, 2006 Order, on the bases stated by the Bankruptcy Court in her well-reasoned findings of fact and conclusions of law dated December 22, 2006, supplemented by those findings of fact and conclusions of law stated by this Court on the record at a hearing on August 3, 2007.

The single point of the appeal that this Court sustains is that appealing the amount the Bankruptcy Court ordered King and Goodman to pay under the "Order Approving King and Goodman Compromise," dated December 13, 2002, which obligated King and Goodman to

indemnify the bankruptcy estate in an amount up to $1,000,000 of the amount owed by the estate to PharMerica, provided that King and Goodman would "not be required to pay more than the estate would have actually have had to pay PharMerica." In this case, the amount the estate would have had to pay PharMerica is 11% of PharMerica's debt of $4,322,715.50. The Bankruptcy Court ordered King and Goodman to pay 17% of PharMerica's claim. That decision is at odds with the unambiguous language of the Order of December 13, 2002, which approved the King and Goodman compromise. This case is **REVERSED** and **REMANDED** to the Bankruptcy Court to enter a revised Order in accordance with this Opinion, requiring King and Goodman to pay 11% of the PharMerica debt.

Federal Rule of Bankruptcy Procedure 8014 states that if "a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court." Because the Court sustained in part the appeal of King and Goodman, the Court taxes costs of this appeal against PharMerica.

**SO ORDERED**.

August 21, 2007.

_____
**BARBARA M.G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**